**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| MIGUEL ÁNGEL RIVERA COLÓN<br><br>Plaintiff<br><br>v.<br><br>UNITED STATES OF AMERICA;<br>BUREAU OF ALCOHOL, TOBACCO,<br>FIREARMS AND EXPLOSIVES<br><br>Defendant | CASE NO.   20-1375<br><br>FEDERAL TORT CLAIMS ACT<br>28 U.S.C.A. §§ 2 ET SEQ.<br><br><br>PERSONAL DAMAGES AND BODILY INJURY |

**COMPLAINT**

**COMES NOW** Plaintiff, through the undersigning attorney, and respectfully **ALLEGES** and **STATES** as follows:

### I.   JURISDICTION AND VENUE

1. This is a matter involving the Federal Tort Claims Act pursuant to 28 U.S.C.A. §§ 2 et seq., brought by the Plaintiff against the United States of America. This Court has jurisdiction pursuant to 28 U.S.C.A. § 1346(b).

2. Venue is proper in the Federal District Court for the District of Puerto Rico since the actions upon which this Complaint is based occurred in the Municipality of San Juan, Puerto Rico.

### II.   PARTIES

3. At the time of filing of the instant *Complaint*, Plaintiff Miguel Ángel Rivera Colón was a resident of Principal St, 2249, Barriada Buena Vista, San Juan, PR 00915.

4. At all times material to the instant case, Defendant United States of America, through the Bureau of Alcohol, Tobacco, Firearms and Explosives (hereinafter "Defendant"), was the employer of Billy Lee Wright who was the driver of the

vehicle that impacted plaintiff's vehicle; the vehicle driven by Billy Lee Wright was owned by United States Government through the Department of Justice; at the times materials of the instant case Billy Lee Wright was rendering services for and on behalf of the Bureau of Alcohol, Tobacco, Firearms and Explosives.

## IV.  FACTUAL BACKGROUND

5. On February 12, 2019, around 11:53 a.m, Plaintiff was driving westbound through Road B, located at the Municipality of San Juan.
6. At the crossing of the aforementioned road with Williams street, plaintiff's vehicle was violently impacted on the front of the driver's side by another vehicle driven by an ATF employee known as Billy Lee Wright.
7. At the time of the instant case Billy Lee Wright was rendering services for and on behalf of the Bureau of Alcohol, Tobacco, Firearms and Explosives.
8. As a result of the impact Plaintiff suffered physical traumas, requiring medical assistance and extensive medical treatment.
9. The accident in question was investigated by Agent Martín Rodríguez who concluded that the sole responsible of the accident was ATF's employee, Billy Lee Wright.
10. Notwithstanding the medical treatment received, Plaintiff still endures pain and limitations in the affected areas.

## V.    DAMAGES

11. As a direct result of the events described above, Plaintiff suffered physical and emotional damages valued in a sum not lower than $35,000.00.
12. As a direct result of the physical damages mentioned above and the medical treatment received for said physical damages, Plaintiff suffered and continues to suffer emotional damages valued in a sum not lower than $10,000.00.
13. As a direct result of the events described above, Plaintiff developed a permanent physical impairment.  Said damage is valued in a sum not lower than $9,000.00.

## VI.     NEGLIGENCE

14. Defendant is directly and/or indirectly responsible for the damages experienced by Plaintiff as a result of the accident previously described, inasmuch Defendant is the employer of the ATF agent that was the driving the vehicle that impacted Plaintiff's vehicle; furthermore, Defendant was the owner, administrator, proprietor and/or had controlled of the vehicle that the ATF agent was driving the day in question.

15. The collision that gives rise to the instant case was caused by the recklessness, carelessness and/or negligence of the driver behind the wheel of the vehicle that impacted plaintiff for that, among other acts and/or omissions, the driver:
    a. Operated the vehicle at a high speed.
    b. Failed to reduce speed to avoid a collision.
    c. Failed to maintain adequate distance between vehicles.
    d. Failed to observe due care and precaution while driving the vehicle.
    e. Failed to keep a proper lookout for vehicles lawfully upon the way;
    f. Failure to approach an intersections with caution; and
    g. In other respects not known to the Plaintiff but which may become known prior to or at the time or trial.

16. All of Plaintiff loses were, are and will be due solely to and by reason of the carelessness and negligence of Defendant and/or the driver of the vehicle owed by the Department of Justice, without any negligence or wand of due care on the Plaintiffs part contributing thereto

## VI.     RELIEF SOUGHT

17. As a direct and proximate result of the negligent and/or willful acts and/or omissions of Defendant and given the resulting damages, Plaintiff requests judgment for a sum not lower than $54,000.00, plus interest, cost, and attorney's fees.

**WHEREFORE**, Plaintiff requests judgment against Defendant in excess of $54,000.00. Plaintiff is found to be entitled, together with interest, costs, and attorney's fees.

Respectfully submitted,

Dated, August 3, 2020.

**ANTONIO L. IGUINA GONZÁLEZ**
PO Box 361058
San Juan, Puerto Rico 00936–1058
Tel.         (787) 464–7373
Fax         (787) 288–5300
Email       antonioiguina@gmail.com

*s / Antonio L. Iguina-González*

**ANTONIO L. IGUINA GONZÁLEZ, ESQ.**
USDC No.: 224605